**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BULA INVESTMENTS, INC.,<br><br>Debtor. | Case No. 23-24619-C-11<br><br>Dkt. Control NM-7 |

**ORDER ON MOTION FOR STAY PENDING APPEAL**

The owners of the debtor corporation, consisting of Natasha and Cesar Mora, and Natasha's parents, Shainaz and Faizel Awadan ("Moras"), having appealed this Court's Order Granting the: Motion by Chapter 11 Trustee to Sell Certain Claims, Allegations and Causes of Action to Mandalay Income Fund I SPE I, LLC Et al., for $50,000. Dkt. 404. This Court has also made Supplemental Findings clarifying that the purchaser was acting in "good faith" within the meaning of 11 U.S.C. § 363(m). Dkt. 415.

The Moras seek a stay of the sale order pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(a).

This stay motion comes with a three-year history of multi-front, bad-faith vexatious litigation by the Moras. So far, in thirteen separate decisions, The Moras have fallen short in San Diego County Superior Court, California 4th District Court of Appeal, U.S. Bankruptcy Courts for the Eastern and Southern Districts of California, and U.S. District Courts for the Eastern and Southern Districts of California.

The Moras have: not made a "strong showing" they are likely to succeed on the merits; not shown irreparable injury in absence of stay; not shown a stay would not substantially injure other parties interested in the proceeding; and not shown the public

interest favors them. Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012), quoting Nken v. Holder, 556 U.S. 418, 434 (2009).

In two separate sales, the Chapter 11 trustee has sold two categories of the chapter 11 estate's interest in various causes of action, allegations, and claims alleged by the Moras to EVO Enterprises. Dkt. 185 (12/5/2024). That first sale order was not appealed and is now final.

This second sale was properly noticed and subject to overbids. There were no overbids. This Court determined the sale is appropriate and approved the sale. Dkt. 404. This Court separately ruled that the purchaser acted in "good faith" within the meaning of 11 U.S.C. § 363(m).

When the chapter 11 trustee filed the instant motion for sale, the Moras filed a countermotion to stay the hearing while they sought to withdraw the reference in the District Court.

District Judge Drozd denied the Moras' motion to withdraw the reference and denied their motion for temporary restraining order pending a ruling on the motion to withdraw the reference. No. 2:25-cv-02518-DAD-SCR (E.D. Cal.).

District Judge Drozd's order discussed the Moras' three prior cases filed in the District Court and ruled that they had clearly consented to the bankruptcy judge's jurisdiction.

As noted above, the Moras' history in this case, other cases, and related adversary proceedings have been an exercise in intransigence and resistance. This Court has been, and continues to be, persuaded that Bula's owners have been proceeding in bad faith. The Moras have established a pattern of bad faith litigation activity conducted for improper purposes to harass,

cause unnecessary delay, and needlessly increase litigation costs.

Judicial notice is taken of the record of related federal litigation pursued by the Moras (in addition to state court litigation in San Diego County Superior Court and the 4th District Court of Appeal), including:

(1) In re Bula Developments, Inc., Case No. 23-24619 (Bankr. E.D. Cal.);
(2) Mora v. EVO Enterprises, Adv. No. 24-02171 (Bankr. E.D. Cal.);
(3) Mora v. Bula Developments, Inc., Adv. No. 24-02173 (Bankr. E.D. Cal);
(4) Mora v. Bula Developments, Inc., Adv. No. 24-02175, (Bankr. E.D. Cal.);
(5) In re Natasha Nisha Mora, Case No. 25-20575-chapter 13 (Bankr. E.D. Cal. 2025);
(6) Mora v. Black Horse Capital, Inc., No. 3:25-cv-00017-RBM-AHG (S.D. Cal. 2025);
(7) Mora v. SBS Trust Deed Network, Adv. No. 25-02008 (Bankr. E.D. Cal.);
(8) Mora v. Marquee Funding Group, Inc., Adv. No. 25-02028 (Bankr. E.D. Cal.);
(9) Mora v. EVO Enterprises, Adv. No. 25-02052 (Bankr. E.D. Cal.).

Among the decisions and orders of this Court so incorporated are:

(1) Order Denying Motion For Derivative Standing To Pursue Claims On Behalf Of Estate, Adv. No. 2024-02175 (8/23/2024) Dkt. 48;
(2) Memorandum On Transfer Under 28 U.S.C. § 1412 and Rule 1014(b) Of Case Pending In Another District (Amended), No. 23-24619-C-11 (2/06/2025) Dkt. 302 (666 B.R. 922); and
(3) Order Expunging Lis Pendens, Adv. No. 2025-2008-C (05/07/2025), Dkt. 168 (2025 Westlaw 1338271).

In addition, the U.S. District Court for the Southern District of California has been drawn into the Moras' bad faith litigation scheme and saw fit to issue an explicit warning regarding violations of Federal Rule of Civil Procedure 11:

Order Denying Ex Parte Application To Rescind Postjudgment Lockout, U.S. District Court, S.D. Cal.

No. 3:25-cv-00017-RBM-AHG (1/23/2025 (reported at, 2025 Westlaw 255459)(with admonition re Fed. R. Civ. P. 11)).

This Court has previously denied the Moras' motion to remove the chapter 11 trustee. Dkt. 335.

For a stay to be issued it must determined: "(1) whether the stay applicant has made a strong showing that the applicant is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012)(quoting Nken v. Holder, 556 U.S. 418, 434 (2009)(emphasis in original). "The first two factors...are the most critical." Id.

There has been no showing, let alone a "strong" showing, of likelihood of success on the merits. The Moras have failed to show they are likely to succeed on the merits. The Moras' entire argument rests on the contention that the value of the real property that was at the center of this case exceeded the debt against it.

The Moras' assertion that value has never been determined is wrong. The binding factual determination that value does not exceed debt against the property was necessarily decided when this Court granted motions for relief from the automatic stay. Dkts. 111 & 112. As the chapter 11 trustee reported at the hearing on the motions for relief from stay, under various alternative scenarios for selling the property, the value of the property was not enough to pay both the 1st priority and 2nd priority secured liens on the property. Dkt. 93. This Court

ultimately agreed with the chapter 11 trustee and determined that there was no equity in the property and granted relief from the automatic stay under 11 U.S.C. § 362(d)(2). Lack of equity was an essential element of stay relief. Those orders were not appealed and are final.

Additionally, the court has reiterated that factual determination in both sale orders. Dkts. 184 & 404.

In short, the Moras have not demonstrated that they would succeed on the merits.

Likewise, the Moras' assertion they have been denied due process is preposterous. A review of the record reveals they have been afforded all the process that is due at every stage of this case.

There is no irreparable harm to the Moras. If their legal theories were ultimately to be vindicated, they would be entitled to damages, the availability of which negates irreparable harm.

If a stay were to be granted, there would be an extended delay in the closing of the transaction that would substantially harm other parties interested in the proceeding because the likely result would be a delay that multiplies litigation expenses, and perhaps includes sanctions awards, that could not be recouped from the impecunious Moras.

Finally, the public interest lies in fair, efficient administration of the bankruptcy system without the dysfunction attendant to bad-faith litigants bent on delay.

Alternatively, if this court were to grant the motion, a bond of at least $150,000.00 would be required by the Moras pursuant to Federal Rule of Bankruptcy Procedure 8007(c), to take

into account the probability that the time and expense of competent lawyers vindicating the validity of the $50,000 sale could easily exceed an additional $100,000.

Accordingly,

IT IS ORDERED that the motion to stay the order pending appeal is DENIED.

Dated: August 17, 2026

United States Bankruptcy Judge

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Bula Developments, Inc.
1611 East Mariposa Road
Stockton, CA 95205

Natasha Mora
PO Box 181
Oceanside, CA 92049

Walter R. Dahl
8757 Auburn Folsom Rd #2820
Granite Bay, CA 95746-2820

Todd Curry
185 West Beach Street, Suite 450
San Diego, CA 92101

Lewis R. Landau
22287 Mulholland Hwy., #318
Calabasas,CA 91302